UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| JOHN DOE, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 3:23-cv-00592 |
| WILLIAM LEE, Governor of the State of Tennessee, in his official capacity, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Two related motions are pending before the Court.

The first is Plaintiffs' Unopposed Motion for a Preliminary Injunction (Doc. No. 12), which requests the Court enjoin, among other things, enforcement of Tennessee's Sex Offender and Violent Sex Offender Registration, Verification, and Monitoring Act ("SORA"), Tenn. Code. Ann. § 40-39-201 *et seq.*, against Plaintiff. Pursuant to Federal Rule of Civil Procedure 65(d)(1), "every order granting an injunction . . . must . . . state its terms specifically[] and describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. Pro. 65(d)(1). By proceeding under a pseudonym, Plaintiff runs afoul of that Rule because reference to other documents is required to determine the scope of the preliminary injunction and he is the beneficiary of the preliminary injunction. Plaintiff's Exhibit A to the Complaint (Doc. No. 1-1), identifies Plaintiff. Compare Doc. No. 1-1 (identifying Plaintiff using his "Offender ID"); with Search, TENN. SEX OFFENDER REGISTRY, https://sor.tbi.tn.gov/search (last visited Nov. 8, 2023).

Accordingly, Plaintiff's unopposed Motion for a preliminary injunction (Doc. No. 12) is **GRANTED**. The Court preliminarily enjoins Defendants, and their officers, directors, agents, servants, representatives, attorneys, employees, subsidiaries, and affiliates, and all those in active concern or participation with them, from directly or indirectly: (1) enforcing SORA against George Edward Allen; (2) requiring George Edward Allen to comply with any portion of SORA; and (3) publishing George Edward Allen's information on a sex offender registry.

The second is the parties' Joint Motion to Administratively Stay Case Pending Ruling in Sixth Circuit Appeal (Doc. No. 10), which requests the Court administratively stay the case pending the Sixth Circuit's decision in Does #1–9 v. Lee, No. 23-5248, after ruling on Plaintiff's unopposed Motion for a Preliminary Injunction (Doc. No. 12).

In light of the pending appeal, the parties' joint Motion (Doc. No. 10) is **GRANTED**. Accordingly, all deadlines are **VACATED**, and this case is **ADMINISTRATIVELY CLOSED**. Within **30 days** of the Sixth Circuit's decision in Does #1–9 v. Lee, No. 23-5248, the parties shall notify the Court of the decision and request the case be reopened.

IT IS SO ORDERED

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE